IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3252-D

| | |
|---|---|
| MAURICE L. STROUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| POLK CORRECTIONAL INSTITUTE, ) | |
| ) | |
| Defendant. ) | |

On September 28, 2015, Maurice L. Stroud ("Stroud" or "plaintiff") commenced this action [D.E. 1]. On October 1, 2015, Magistrate Judge Robert B. Jones, Jr. directed Stroud to sign his complaint and to either pay the filing fee or submit an application to proceed in forma pauperis, and cautioned him that failure to do so would result in the dismissal of the action [D.E. 4]. Stroud has not complied with Magistrate Judge Jones's order, and the time within which to do so has expired. On October 5, 2015, the court received a letter from Stroud asking about the status of his case [D.E. 5].

Stroud alleges that on or about November 28, 2007, "Polk H CON correctional staff" subjected him to excessive force resulting in severe physical injuries. Compl. [D.E. 1] 4. Stroud requests appointment of counsel and monetary damages. Id.

The PLRA's three-strikes provision requires dismissal of a prisoner's in-forma-pauperis action if the prisoner "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v.

Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–09 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). Stroud has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. See Order, Stroud v. Barringer, No. 3:99-CV-00497-GCM (W.D.N.C. May 30, 2000), [D.E. 8]; Order, Stroud v. Pendergraph, No. 3:00-CV-00140-GCM (W.D.N.C. May 11, 2000), [D.E. 5]; Order, Stroud v. Lightsey, No. 5:12-CT-3069-BO (E.D.N.C. Apr. 25, 2012), [D.E. 11]. Stroud has also received at least one dismissal pursuant to section 1915(g). See, e.g., Order, Stroud v. Polk Correctional Institute, No. 3:15-CV-00426-FDW (W.D.N.C. Sept. 30, 2015), [D.E. 7].[1]

To avoid dismissal and proceed without prepayment of the filing fee, Stroud must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050; see Chase, 466 F. App'x at 186–87. Stroud has failed to plausibly allege that this action should proceed under the exception to the three-strikes rule.

---

[1] It appears Stroud's complaint in this case partially duplicates the complaint Stroud filed in the Western District of North Carolina. See id. at 1 ("Plaintiff alleges that on June 25, 2007, and again in November of the same year, he was attacked by prison guards at Polk Correctional Institution for no reason and that the beatings caused him to suffer serious physical injuries.").

2

In sum, the court DISMISSES plaintiff's claims under 28 U.S.C. § 1915(g) and DENIES plaintiff's request for appointed counsel. The clerk shall close the case.

SO ORDERED. This 9 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge